IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WARRICK MAYE,
                                        :
    Plaintiff,
                                        :
vs.                          CIVIL ACTION 11-0666-WS-M
                                        :
CONECUH COUNTY BOARD OF
EDUCATION,                              :

    Defendant.

<u>REPORT AND RECOMMENDATION</u>

The Defendant's Motion to Dismiss ... (Doc. 35) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Federal question jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 (*see* Doc. 1).  After consideration of the pleadings and the history of this action, it is recommended that Defendant's Motion to Dismiss ... (Doc. 35) be granted.

The facts are, briefly, as follows.  On November 23, 2011, Plaintiff filed his Complaint against Defendant Conecuh County Board of Education for employment discrimination (Doc. 1). Plaintiff has proceeded *pro se* in this action.  On February 28, 2011, Defendant filed its Initial Disclosures (Doc. 12), propounded discovery upon the Plaintiff, and filed its Notice of Service (Doc. 13). As of March 1, 2012, Plaintiff had not filed his initial disclosures as required by the Rule 16(b) Scheduling

Order (*see* Doc. 14-1; Court Docket).  Even after being contacted
by Defense counsel to request Plaintiff's initial disclosures
and a time to set his deposition, Plaintiff did not supply the
initial disclosures or a time for deposition as of March 7, 2012
(*see* Docs. 14-1, 14-2).  On March 14, 2012, Defendant filed a
Motion to Compel wherein Defendant requested that the Court
compel Plaintiff to disclose his initial disclosures (Doc. 14).
The Court ordered the Plaintiff to file a response to
Defendant's Motion to Compel not later than March 23, 2012, to
show cause for his failure to produce his initial disclosures,
and to set a date with opposing counsel for his deposition (Doc.
15).  However, as of March 26, 2012, Plaintiff did not file a
response (*see* Court Docket). Thus, the Court granted Defendant's
Motion to Compel and required Plaintiff to produce his initial
disclosures not later than April 3, 2012, to set a date with
opposing counsel for his deposition, and to show cause why he
failed to produce the initial disclosures and to set a date for
his deposition (Doc. 16).  Also, the Court warned Plaintiff that
failure to obey the Order could result in "the action being
dismissed, upon motion of Defendant, for failure to cooperate in
discovery and to obey the orders of the Court" (Doc. 16).

On April 6, 2012, Defendant filed a Motion for Sanctions or
Other Appropriate Relief Pursuant to Fed.R.Civ.P. 37(b), wherein
Defendant set forth that it had tried to contact Plaintiff by

phone and written communication to set up a deposition time, but Plaintiff remained unresponsive (Doc. 17).  Also, Defendant set forth that Plaintiff's initial disclosures were insufficient (Doc. 17).  The Court ordered the Plaintiff to file a response to Defendant's Motion for Sanctions not later than April 20, 2012 (Doc. 18).  Plaintiff filed his Response on April 18, 2012 and explained that on March 23, 2012 he went to the hospital, was under observation for seven days, and that he was working with Defense counsel to resolve the issues (Doc. 19).  On April 18, 2012, the Court issued an order denying the Motion for Sanctions, and gave Plaintiff until May 4, 2012 to provide the initial disclosures and set a date for his deposition to be taken by Plaintiff (Doc. 20).  The Court warned that if Plaintiff did not accomplish those actions by May 4, 2012, then "Plaintiff's repeated failure to obey the orders of th[e] Court and to participate in discovery in prosecution of this action" would cause the action to be dismissed (Doc. 20).

Subsequent to the Court's Order (Doc. 20) and before May 21, 2012, a telephone call took place between Defense counsel and Plaintiff wherein Plaintiff agreed to a time and location for his deposition, namely, June 11, 2012 at 10:00 a.m. at Defense Counsel's office (Doc. 26, pp. 1-2). Upon this agreement, Defense counsel sent Plaintiff a confirmation letter with a formal Notice, and obtained and scheduled a court

reporter to appear at the deposition (Doc. 26, p. 2).  On May 21, 2012, Defendant filed a Notice of Service and Notice of Deposition (Doc. 25).  On May 30, 2012 Defense counsel also sent Plaintiff a follow-up letter to reconfirm with Plaintiff that his deposition was set for June 11, 2012 (Doc. 26-2).  Also, Defense counsel called Plaintiff on his cellular telephone two times and left two voicemails, one reminding Plaintiff of the scheduled deposition (Doc. 26, pp. 2-3).  However, on June 11, 2012, Plaintiff did not appear for his deposition, and Defense counsel and the court reporter did appear at the deposition as scheduled (Doc. 26-3).  Plaintiff instead had appeared at the Conecuh County Courthouse in Evergreen, Alabama, despite the original telephone communication (Doc. 26, pp. 3-4).  In the second Motion for Sanctions, Defendant posits that Plaintiff is not unfamiliar with Defense counsel's office since Plaintiff had been there before at the onset of litigation (Doc. 26, p. 4).

On June 18, 2012, Defendant filed a second Motion for Sanctions ... (Doc. 26) outlining the recent events, specifically, Defendant's non-compliance with sitting for his deposition.  On June 19, 2012, the Court ordered the Plaintiff to respond to the second Motion for Sanctions not later than June 29, 2012 and to show good cause why he did not appear at his deposition (Doc. 27).  Also, the Court ordered Defense counsel to file an affidavit outlining the time he incurred

4

solely for Plaintiff's failure to appear for the deposition and his hourly rate not later than June 22, 2012 (Doc. 27). On June 21, 2012, Defense counsel filed his affidavit wherein he set forth that he had lost 1.1 hours of time at a billable rate of $85.00 per hour, which was $93.50 (Doc. 28). Also, Defense counsel explained the court reporter cost of $83.80 was incurred (Doc. 28). On June 27, 2012, Plaintiff filed a Response and explained that he thought he was supposed to be deposed at the Conecuh County Courthouse in Evergreen, Alabama, but did not explain how he came to that understanding/"impression" (Doc. 29).

On July 11, 2012, the Court granted the Defendant's second Motion for Sanctions ... (Doc. 26) and ordered that Plaintiff pay $177.30 and present himself for and complete his deposition not later than August 3, 2012 (Doc. 30). On July 13, 2012, Defendant filed a Notice of Service and a supplemented Notice of Service, both of which included an attachment of the actual Notice wherein the Notice set forth that Plaintiff's deposition was to be taken on July 23, 2012 at 10:00 a.m. at Defense counsel's office (Docs. 31, 31-1, 32, 32-2). Although not stated, it appears that Plaintiff's deposition was taken.

On August 17, 2012, Defendant filed a Motion to Dismiss for Plaintiff's Failure to Pay Court-Ordered Sanctions ... (Doc. 35) wherein Defendant explained that it had not received the

reimbursement of costs from Plaintiff as required by the Court's
Order of July 11, 2012 (Doc. 30).  The Court ordered the
Plaintiff to respond to Defendant's Motion to Dismiss ... (Doc.
35) not later than August 30, 2012 and to show good cause for
his failure to pay the ordered cost (Doc. 36).  The Order also
noted that Plaintiff had not objected to the Court's Order to
pay the cost incurred from Plaintiff not appearing at the
deposition (Doc. 36).  On August 23, 2012, Plaintiff filed an
objection to the Court's Order (Doc. 30) to pay the costs
incurred, but also stated that he had paid the $177.30 to
Defense counsel (Doc. 37).  On August 24, 2012, the Court
ordered Defendant to confirm it received the payment of $177.30
sanction and file an affidavit setting such out not later than
August 29, 2012 (Doc. 40).  On August 24, 2012, Defendant filed
a response to the Court's order explaining that it had received
a check from Plaintiff, but could not deposit it because it was
post-dated for August 31, 2012 despite Plaintiff's statement in
his objection filed on August 23, 2012 that he had already paid
the firm (Doc. 42).  Also, the envelope for mailing the check
was postmarked August 22, 2012 (Docs. 42, 42-1).  On August 24,
2012, the Court ordered Plaintiff to reply to Defendant's
Response ... (Doc. 42) not later than August 31, 2012 and to
specifically address the assertion that Plaintiff had not been
truthful with the Court (Doc. 43).  To date, the Court has not

received a response or explanation as to why Plaintiff was not truthful to the Court in his statement that he had already paid the firm.

Federal Rule of Civil Procedure Rule 37(b)(2) states as follows:

> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)-- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).  "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).  "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989).

"All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure." *Boswell v. Gumbaytay*, 2008 WL 4079287, *4 (M.D. Ala. Aug. 28, 2008).  "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1542 (11th Cir. 1993)(citation omitted). "[T]he severe sanction of a ... default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

A nonfrivolous, nonmalicious complaint may not be dismissed or prevented from being filed solely because of the plaintiff's inability to pay court costs. *See generally Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986).  Although dismissal with prejudice is the most severe Rule 37 sanction, dismissal may be appropriate when a plaintiff's recalcitrance is due to "willfulness, bad faith, or fault."  *Phipps v. Blakeney*, 8 F.3d

788, 790 (11th Cir. 1993) (citation omitted).  When a *pro se* plaintiff proceeding has refused to pay a court-ordered sanction, does not show a true inability to pay, and has exhibited intentionally misbehavior in regards to discovery, a district court acts properly when it dismisses the plaintiff's action. *See Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989); *Ebeh v. Tropical Sportswear Intern. Corp.*, 199 F.R.D. 696, 698-99 (M.D. Fla. Mar. 20, 2001).

"Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea,* 987 F.2d at 1542 (citation omitted). "[T]he severe sanction of a ... default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

In order to impose an extreme sanction like a dismissal, the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, inter alia, *Malautea*, 987 F.2d at 1542).  "Once the moving party makes a prima facie showing that the other

party violated the court's discovery order, the non-moving party must **prove** that it was impossible to comply in order to avoid sanctions." *Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, 2010 WL 1141584, *2 (M.D. Fla. Mar. 23, 2010)(citation omitted and emphasis added).

        As set out above, Plaintiff has repeatedly failed to cooperate with Defendant in conducting discovery and to obey the orders of the Court.  The Court has tried lesser sanctions in response to Defendant's motions but to no avail.  In this last instance, Plaintiff disobeyed the Court's discovery order to pay the sanction amount for failure to appear at his originally scheduled deposition (*see* Doc. 30).  Upon Defendant's motion for a court-ordered sanction (*see* Doc. 26), Plaintiff's only reason for not appearing at the scheduled deposition was he thought he was supposed to go to a different location, but he did not explain how or why he came to this conclusion (*see* Doc. 29). After the Court ordered Plaintiff to pay a sanction in the amount of the Defense counsel's time lost and court reporter cost for the deposition he did not appear at, he did not object to the amount of $177.30 until after Defendant filed another motion indicating that Plaintiff failed to pay that amount by the August 3, 2012 deadline (*see* Court Docket; Doc. 35).  In Plaintiff's response, he stated that he had already paid the sanction amount to Defense counsel, as of August 23, 2012 (*see*

Doc. 37).  However, it appeared that this statement was not true (*see* Docs. 42, 42-1), and the Court ordered Plaintiff to explain this inconsistency (Doc. 43).  However, to date, Plaintiff has not explained his untruthfulness with the Court (*see* Court Docket).

Plaintiff has disobeyed a discovery order to pay a sanction in the amount of $177.30 by the time ordered by the Court, and has been untruthful with the Court.  Plaintiff has not explained his untruthful statement.  Moreover, Plaintiff has not proved that it was impossible to comply with the ordered sanction, for example, due to any inability to pay. *See Broadcast Music, Inc.*, 2010 WL 1141584 at *2.

Here, the Court finds that: (1) Plaintiff has exhibited willful failure to obey the Court's order to pay sanctions on time as required and was dishonest in his statement to the Court in his explanation of his failure to comply; (2) Defendant was prejudiced by Plaintiff's violation since Defendant had to pay the up front cost of the unattended deposition of Plaintiff; and (3) that a lesser sanction would fail to punish the violation and would not ensure future compliance since Plaintiff may or may not lie in his explanations for failure to comply with the Court's order and/or any other step in the litigation process. Specifically, Plaintiff's misrepresentation to the Court is unacceptable and his response was written in bad faith.

Therefore, it is appropriate in this action to impose the
extreme sanction of dismissal. See *Inmuno Vital, Inc.*, 203
F.R.D. at 571; *Phipps*, 8 F.3d at 790.

For the reasons set out above, the Court finds that
Plaintiff has acted willfully and in bad faith to disobey the
Court's order which prejudiced the Defendant and that a lesser
sanction would fail to ensure future compliance with Court
orders.  Lesser sanctions have been tried previously.
Therefore, it is **RECOMMENDED** that Defendant's Motion to Dismiss
... (Doc. 35) be granted and this action be dismissed with
prejudice.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  Objection.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v.
Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate
judge in a dispositive matter, that is, a matter excepted by 28
U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to
Magistrate Judge's Recommendation" within fourteen days after
being served with a copy of the recommendation, unless a
different time is established by order.  The statement of
objection shall specify those portions of the recommendation to

which objection is made and the basis for the objection.  The
objection party shall submit to the district judge, at the time
of filing the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation should be
reviewed de novo and a different disposition made.  It is
insufficient to submit only a copy of the original brief
submitted to the magistrate judge, although a copy of the
original brief may be submitted or referred to and incorporated
into the brief in support of the objection.  Failure to submit a
brief in support of the objection may be deemed an abandonment
of the objection.

        A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.    Transcript (applicable where proceedings tape recorded).
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate finds that the tapes and original records in this
action are adequate for purposes of review.  Any party planning
to object to this recommendation, but unable to pay the fee for
a transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.

        Done this 17th day of September, 2012.


                                s/BERT. W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE